STATE (on the complaint of Augustus Moffett) *v.* JOB BORDEN.

The wife of one who prosecutes criminally for an assault and battery committed upon her person is a competent witness to sustain the complaint, notwithstanding her husband has entered into a recognizance, as required by statute, to pay costs in the event that the prosecution fails.

THIS was an appeal from the sentence of a justice of the peace, upon a warrant for an assault and battery upon one Clorinda Moffett, issued upon the complaint of her husband. At the trial of the appeal before Mr. Justice *Shearman* with a jury, at the December term of the court of common pleas for the county of Providence, 1859, the prosecutor, to maintain his complaint, called his wife as a witness; whereupon it was objected, that she was incompetent to support the complaint of her husband, on account of his liability for costs in case of his failing to make good his complaint. The court admitted her to testify, notwithstanding the objection; and the defendant, being convicted, brought his exception to the ruling, to this court, for review.

*Thurston & Ripley,* in support of the exception, cited 1 Greenleaf's Ev. § 334; Gilbert's Ev. 133, 134; Bac. Abr. Evidence, A. 1; 2 Hawkins's P. C. ch. 46, §§ 70, 71; *Edwards* v. *Pitts,* 3 Strobh. 140; *Pyle* v. *Moulding,* 7 J. J. Marsh. 202; *Fitch* v. *Hill,* 11 Mass. 286; *City Bank* v. *Bangs,* 3 Paige, 36.

*Ballou & Brownell,* for the prosecution, cited *Littlefield* v. *Rice,* 10 Met. 287; *Stanton* v. *Wilson,* 3 Day, 37; *Pedley* v. *Wellesley,* 3 Car. & P. 558; *Baring* v. *Reeder,* 2 Hen. & Munf. 154, 168; *Griffin* v. *Brown,* 2 Pick. 308; 2 Stark. Ev. (4th Amer. ed.) 708, 709; 1 Greenl. Ev. § 334.

AMES, C. J. The prosecutor, even when interested in costs to make good his complaint, has, upon the ground of necessity or policy, been ordinarily admitted here as a witness; and the practice seems to be sufficiently sustained by authority. *The Queen* v. *Muscot,* 10 Mod. 193. 1 Chitty's Crim. Law, 596 & cases cited. In case of a complaint for threats against the

person or property of another, although the statute requires from the complainant a recognizance to pay costs in the event of failure, yet it expressly makes it the duty of the magistrate judicially to inquire into the truth of such complaint, " by the oath or affirmation of *the complainant* or witnesses, as well for as against the accused." Rev. Sts. ch. 220, § 6. It can hardly be supposed that when violence to the person has actually been done, a similar requirement as to costs, made to save the state from the expenses of groundless prosecutions, was designed to exclude the only evidence by which, in general, the complaint could be sustained.

This policy applies with quite as much force to admit the testimony of the wife of the prosecutor, in case of violence to her person, as to admit his. For her protection she may in such case testify against her husband, if the author of the violence, (1 Chit. Crim. Law, 595, n. B.,) and still more should she be permitted, for the same reason, to testify against a third person who has committed violence upon her, when her husband, as it is his peculiar duty to do, prosecutes for such an offence.

The exception is overruled, and sentence must follow the verdict.